UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREG BUNDY,

Plaintiff,

v. Case No. 8:24-cv-01324-NHA

WAL-MART STORES EAST, LP,

Defendant.
_______________________________________/

# ORDER

Plaintiff Greg Bundy sues Defendants Wal-Mart Stores East, LP, and John Doe, a Wal-Mart employee, for negligence. Doc. 1-2. Mr. Bundy alleges that he slipped on nylon garden flags that were scattered on the floor in a store owned by Defendant Wal-Mart and maintained by Defendant John Doe. *Id.* Mr. Bundy alleges that Wal-Mart and John Doe were negligent in allowing the flags to remain on the floor and in failing to warn Mr. Bundy of the condition. *Id.*

Defendant moves for summary judgment, alleging that the garden flags were an open and obvious condition and not inherently dangerous, meaning that Defendant had no duty to remove the flags or to warn Plaintiff about them. Doc. 75. Because I find that genuine issues of fact preclude summary judgment in Wal-Mart's favor, I deny the motion.

## I. Factual Background

Wal-Mart owns and operates a retail store at 1575 Land O' Lakes Boulevard in Lutz, Florida (the Store). Doc. 1-2 pp. 1–2; Doc. 76 p. 1; Bundy Depo., Doc. 76-1 at 15:15–25. The Store's garden center sold nylon garden flags. Doc. 76 p. 1; Bundy Depo., Doc. 76-1 at 24:1–25.

Before January 17, 2023, Mr. Bundy visited the Store three or four times each month. Bundy Depo., Doc. 76-1 at 16:4–6. On January 17, 2023, Mr. Bundy visited the Store and, while walking through the garden center, asked a Wal-Mart employee for assistance finding a product. *Id.* at 16:4–6, 20:11–25, 24:11–13. The employee directed Mr. Bundy to pay for the product at the front of the store, then return to the garden center with his receipt to pick it up. *Id.* at 24:17–25, 25:1–4. After purchasing the item at the front of the store, Mr. Bundy returned to the garden center with his receipt, to search for the Wal-Mart employee. Doc. 76 p. 1; Bundy Depo., Doc. 76-1 at 25:6–15. There, he slipped and fell on the garden flags. Doc. 76 p. 1; Bundy Depo., Doc. 76-1 at 33:10–1.

The parties dispute whether the garden flags were an open and obvious danger that a reasonable person would discover and avoid through the exercise of ordinary care. Doc. 75 pp. 2, 5–10; Doc. 97 pp. 1, 8–14. Defendant argues that the flags were "so open and obvious" that someone exercising reasonable care would have avoided the condition created by the garden flags. Doc. 75 pp.

2, 5–10. In support of its position, Defendant points to the following undisputed facts:

- The flags were bright blue, red, yellow, and lime green, colors that contrasted with the beige Wal-Mart floor. Doc. 76 pp. 1–2; Bundy Depo., Doc. 76-1 at 31:2–10, 32:8–12, 33:2–24.
- The lighting was adequate, and nothing blocked Mr. Bundy's view of the flags. Doc. 76 p. 2; Bundy Depo., Doc. 76-1 at 36:3–13.
- Mr. Bundy stated that, had he been looking for the flags, he could have seen them on the floor. Doc. 76 p. 2; Bundy Depo., Doc. 76-1 at 37:2–10.

In opposition, Mr. Bundy argues that the nylon garden flags did not present such an open and obvious danger as to eliminate Wal-Mart's duties to remove them and to warn customers of the danger they created. Doc. 97 pp. 1, 8–14. In support of his position, Mr. Bundy offers:

- Testimony from Hector Rivera, a Wal-Mart employee who was in charge of training associates on store safety, that the flags could be a danger to customers and should have been addressed;
- Testimony from Ms. Tyler, a Wal-Mart employee trained to identify and remedy hazards, that, despite walking around the flags, she did not notice them; and

- Video footage of the garden center before Mr. Bundy's accident, showing customers walking directly over and on the flags and Wal-Mart employees walking by the flags without addressing them.

*See* Rivera Depo., Doc. 76-2 at 12:11–19, 45:14–23, 48:20–25, 49:1–4; Tyler Depo., Doc. 97-1 at 34:11–25, 35:1–8; Surveillance Footage, Doc. 78 at 7:27–31, 13:30–13:40.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Disputes are genuine if they are based in the record and could lead to a reasonable jury to find in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* "If one or more of the essential elements is in doubt, then summary judgment must not be granted." *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir. 1986).

It is the moving party's burden to prove there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). For a moving defendant, this burden can be satisfied by showing there is an absence of evidence to support Plaintiff's case. *Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995). Where the moving party can satisfy its burden, the burden shifts to the non-moving party to provide evidence that creates a

material factual dispute. *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990). This requires a showing of more than "some metaphysical doubt"—the non-moving party must provide evidence on which a jury could reasonably find for in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## III. Analysis

Under Florida law, to prevail on a negligence claim, a plaintiff must prove four elements: duty, breach, causation, and injury. *Delgado v. Landromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). A defendant can prevail by showing that the plaintiff lacks evidence to support any one of those elements. *See Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836 (11th Cir. 2000) ("If the non-moving party fails to 'make a sufficient showing on an essential element of her case with respect to which [he] has the burden of proof,' then the court must enter summary judgment for the moving party.") (quoting *Celotex,* 477 U.S. at 323).

Here, Wal-Mart moves for summary judgment, arguing that it owed no duty to warn Bundy or remove the flags, because the garden flags represented an open and obvious condition that Mr. Bundy should have perceived and avoided using due care. Wal-Mart challenges no other element.

### A. A Landowner's Duties

In actions involving premises liability, "the duty of care owed by the landowner varies according to the visitor's status." *Barrio v. City of Miami Beach*, 698 So. 2d 1241, 1243 (Fla. 3d DCA 1997) (citation omitted). A "business invitee is one who is 'invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" *Moultrie v. Consol. Stores Int'l Corp.*, 764 So. 2d 637, 639 (Fla. 1st DCA 2000) (quoting *Community Christian Center Ministries, Inc. v. Plante,* 719 So.2d 368, 370 (Fla. 4th DCA 1998)).

Mr. Bundy was a business invitee when he entered Wal-Mart to purchase a product it offered. *See Graham v. Langley*, 683 So. 2d 1147 (Fla. 5th DCA 1996) (holding that a customer is a business invitee); Doc. 75 pp. 4–5 (Wal-Mart describing and analyzing Plaintiff as an invitee).

A property owner owes two separate and distinct duties to business invitees: First, it must "use ordinary care to maintain its premises in a reasonably safe condition," and, second, it must "warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care." *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1131 (Fla. 1st DCA 2017) (quoting *Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011)).

The duty to warn and the duty to maintain may both impose liability on a property owner for a dangerous condition on his property, but "the open and

obvious nature of a [dangerous] condition may preclude a finding of a breach of either duty, as a matter of law." *Brookie*, 213 So. 3d at 1133. The "open and obvious" rule operates somewhat differently in relation to each of the two duties.

The duty to warn may be negated entirely by a showing that a dangerous condition is open and obvious. A property owner has no duty warn of an open and obvious danger because "an owner is entitled to assume the invitee will perceive that which would be obvious to the invitee through the normal use of his senses." *Moultrie*, 764 So. 2d at 639. Conversely, if a condition is concealed and not discoverable by the invitee through the exercise of due care, and the property owner knows or should know of the condition, the owner has a duty to warn invitees about the condition. *TruGreen LandCare, LLC v. LaCapra*, 254 So. 3d 628, 631 (Fla. 5th DCA 2018). When determining the obviousness of a dangerous condition as part of a duty to warn inquiry, "the test is not whether the object itself is obvious, but *whether the dangerous condition of the object is obvious*." *Williams v. Weaver*, 381 So. 3d 1260, 1265 (Fla. 5th DCA 2024) (emphasis in original).

As for the duty to maintain, the open and obvious nature of a condition will not itself preclude a finding that the landowner had a duty to maintain its premises to avoid the condition, but openness and obviousness are still relevant to the duty inquiry. *Dampier v. Morgan Tire & Auto, LLC*, 82 So.3d

204, 206 (Fla. 5th DCA 2012). Liability will not arise based on a failure to maintain the premises when conditions are either "open and obvious *and* not inherently dangerous," or "*so* open and obvious that an invitee may be reasonably expected to discover them to protect himself." *Brookie*, 213 So. 3d at 1133 (quoting *Dampier*, 82 So.3d at 206) (emphasis added). Courts may deem a condition to be sufficiently open and obvious to preclude failure-to-maintain liability where hazards are in plain view, unobstructed, and so easily visible that no reasonable person could miss the danger. *See, e.g.*, *Joseph v. Wal-Mart Stores E., LP*, No. 6:21-CV-1331-GAP-EJK, 2022 WL 18926794, at *4 (M.D. Fla. Dec. 14, 2022) (granting summary judgment for the defendant on a failure-to-maintain claim, holding that a pallet was "so open and obvious" because it was in plain sight, not hidden from the plaintiff, and could be distinguished from the floor); *Blakely v. Wal-Mart Stores E., LP*, No. 3:14CV34/MCR/CJK, 2015 WL 4529616, at *4 (N.D. Fla. July 27, 2015) (granting summary judgment for the defendant on a failure-to-maintain claim, holding that a clothing rack was "so open and obvious" because it was in clear view, unobstructed, and easy to walk past).

Notwithstanding the open and obvious nature of a condition, both the duty to warn and the duty to maintain may persist if a plaintiff can show that the landowner should have anticipated the harm that occurred. *Aaron v. Palatka Mall, LLC*, 908 So.2d 574, 577 (Fla. 5th DCA 2005). A landowner

should anticipate harm notwithstanding the obvious nature of a hazard "where it can reasonably be expected that a person's attention may be distracted" from the obvious yet dangerous condition. *Regency Lake Apartments Associates, Ltd. v. French*, 590 So. 2d 970, 973 (Fla. 1st DCA 1991).

B. Duty to Warn

i. A genuine dispute exists as to whether Wal-Mart had a duty to warn about the flags.

The duty to warn against dangerous conditions can be discharged through a showing that the condition was "open and obvious." *Brookie*, 213 So. 3d at 1133. Here, several facts *could* lead a reasonable trier of fact to conclude that the flags were open and obvious. The record shows the flags were bright, multicolored, and contrasted with the beige floor. Doc. 76 pp. 1–2; Bundy Depo., Doc. 76-1 at 31:2–10, 32:8–34, 33:2–4. The lighting was adequate, and there was nothing blocking Plaintiff's view of the hazard. Doc. 76, p. 2; Bundy Depo., Doc. 76-1 at 36:3–13. Plaintiff admits that if he were looking for the flags, he would've seen them. Doc. 76 p. 2; Bundy Depo., Doc. 76-1 at 37:2–10.

Despite this showing, a trier of fact could also reasonably conclude that the flags were not open and obvious. The record shows that at least two other customers stepped on the garden flags, seemingly without noticing them. Doc. 87 at 7:27–31; Doc. 97 p. 6. At least two, and possibly up to four, Wal-Mart employees walked past the flags without physically acknowledging them or

cleaning them up. Doc. 97 pp. 4–5; Rivera Depo., Doc. 76-2 at 49:12–25, 50:1–6. In his deposition, Mr. Rivera stated that Wal-Mart employees were trained to spot and remedy floor hazards, which would include items like the flags (Rivera Depo., Doc. 76-2 at 50:14–19, 52:21–23), but in her deposition, Ms. Tyler, a Wal-Mart employee who walked directly past the flags, claimed not to have seen the flags lying on the ground (Tyler Depo., Doc. 97-1 at 34:13–25, 35:12–16). Ms. Tyler went on to state that customers could miss potential hazards, like the flags, because they are typically looking at merchandise on the shelves. Tyler Depo., Doc. 97-1 at 34:23–25, 35:1–11.

Because this collection of facts could lead a reasonable tier of fact to determine that the presence of flags either was, or was not, open and obvious, there is a genuine dispute of material fact as to whether Wal-Mart had a duty to warn Plaintiff about the flags. *See Celotex*, 477 U.S. at 327*; Jeffrey*, 64 F.3d at 593–94.

ii. Even if the flags themselves were open and obvious, a genuine dispute exists as to the obviousness of the danger they posed.

Even if the fact that the flags had spilled was an open and obvious one, there would still be a triable issue of fact as to whether the danger they posed was an open and obvious one. *Williams*, 381 So. 3d at 1265. Specifically, the evidence creates a triable issue as to whether the slipperiness of the flags—the dangerous aspect of the condition—was open and obvious.

Wal-Mart argues that "[t]he risk inherent in walking on any item strewn on the floor is something which any reasonable person would have observed and appreciated through the use of their ordinary senses." Doc. 98 pp. 3–4. But Wal-Mart provides no direct support for this claim, and the cases they rely on for support deal with tripping hazards (objects of raised height), not slipperiness. *See* Doc. 75 pp. 6–8 (citing *Brookie*, 213 So. 3d at 1133 (holding that a pallet was an obvious tripping risk); *Joseph v. Wal-Mart Stores E., LP*, 2022 U.S. Dist. LEXIS 239443, at *9 (M.D. Fla. Dec. 14, 2022) (same); *Blakely v. Wal-Mart Stores East, L.P.*, 2015 U.S. Dist. LEXIS 97481, at 10–12 (N.D. Fla. June 24, 2015) (holding that a clothing rack was an obvious tripping risk)).

Florida courts have held that the slippery quality of some conditions is not open and obvious, even when the presence of those conditions is. *See, e.g., Williams*, 381 So. 3d at 1265–66 (holding that despite the algae-covered deck being visible, the slippery condition was not open and obvious); *Smile v. Fla. POP, LLC*, No. 20-14141-CV, 2022 WL 18956202, *4 (S.D. Fla. Jan. 14, 2022) (holding that although a puddle was open and obvious, its unreasonable slipperiness was not, meaning the danger was concealed). To be sure, Florida courts have found some slipping hazards to be obviously dangerous when those conditions are inherently slippery. *See, e.g., Dominguez v. Publix Super Markets, Inc.*, 187 So. 3d 892 (Fla. 3d DCA 2016) (holding that the slippery nature of a detergent spill was open and obvious). The same is not necessarily

true about garden flags, which, unlike detergent, are not inherently slippery. That is, even if there were no reasonable dispute as to whether the presence of the flags on the floor was obvious, a reasonable fact finder might still find it was not obvious that the flags would slide beneath a person's feet, causing him to slip. A jury must, therefore, decide this issue.

C. Duty to Maintain the Premises

"The open and obvious nature of a hazard may discharge a landowner's duty to warn, but it does not discharge the landowner's duty to maintain the property in a reasonably safe condition." *Dampier*, 82 So. 3d at 206. Rather, showing a landowner had no duty to remove a certain condition requires something more than a showing that it was open and obvious: either that it was "*so* open and obvious that an invitee may be reasonably expected to discover them to protect himself," or that it was both open and obvious and not inherently dangerous. *Brookie*, 213 So. 3d at 1133.

Here, as explained above, a genuine factual dispute exists as to whether the condition was open and obvious at all. This factual dispute precludes summary judgment on whether Wal-Mart had a duty to identify and remove the flags to maintain a reasonably safe premises.

D. Anticipation of the Harm.

Lastly, even if the hazard was open and obvious, Wal-Mart might still have been duty-bound to warn about or remedy the condition if it nevertheless reasonably should have anticipated the harm. *Aaron*, 908 So.2d at 574. And here, a triable question of fact exists as to whether Wal-Mart should have anticipated Plaintiff's slip on the garden flags.

Plaintiff states that he was searching for a Wal-Mart employee and was looking at his receipt at the time of his fall. Doc. 97 p. 2; Doc. 76-1 at 39:21–24. Plaintiff testified in his deposition that he was looking for a Wal-Mart employee because he had been told to find the employee in that part of the store and bring her his receipt. Doc. 76-1 at 38:8–15.

These facts might be likened to those in *Greene v. Twistee Treat USA* and *Moultrie v. Consolidated Stores International Corp.,* where Florida courts allowed negligence claims to proceed against landowners, because foreseeable distractions made invitees less likely to perceive certain otherwise obvious dangers. 302 So. 3d 481 (Fla. 2d DCA 2020); 764 So. 2d 637 (Fla. 1st DCA 2000). In *Greene*, the court found a property owner could be liable for a customer's tripping over an open and obvious hole in the parking lot. 302 So. 3d. at 484. The court reasoned that the landowner should have anticipated the injury due to the "striking appearance" of the building and the need to watch for approaching vehicles, both of which would foreseeably distract patrons. *Id.*

In *Moultrie*, the court found that the landowner could be liable after a customer tripped on a pallet. 764 So. 2d at 640. The court reasoned that the pallet would not naturally fall within the sightline of adult invitees who entered the store to purchase items on the shelves. *Id.* In each case, the court found that, because the landowner should have been aware of the distractions, it could be held liable when the distractions caused the invitee to overlook an otherwise obvious danger. *Greene*, 302 So. 3d at 484; *Moultrie*, 764 So. 2d at 640.

In this case, even if no genuine dispute existed as to the openness and obviousness of the garden flags, a genuine dispute exists as to whether Wal-Mart should have anticipated Plaintiff's injury based on a reasonable possibility that an invitee would miss an obvious danger on the ground while searching for a store employee, looking at a receipt, or generally viewing store merchandise. For this reason, and for the reasons stated in the previous sections, the issues of whether Wal-Mart had a duty to warn of, prevent, or remove the spilled garden flags must be resolved by a jury.

## IV. CONCLUSION

Plaintiff has submitted evidence to preclude summary judgment against him. Accordingly, Defendant's Motion for Summary Judgment (Doc. 75) is denied.

**ORDERED** on July 21, 2026.

Natalie Hirt Adams
NATALIE HIRT ADAMS
United States Magistrate Judge